```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMILES AND JOYS LLC,

                Plaintiff,

-against-

YELLOW-CREAM.COM AT IP ADDRESS
23.227.38.65,

                Defendant.

25-cv-07911 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Smiles and Joys LLC moves for leave to file a third-party subpoena on three third-party service providers for websites affiliated with Defendant Yellow-Cream.com at IP address 23.227.38.65: GoDaddy Inc., Hetzner Online GmbH, and Fastly, Inc. (the "Providers").

    Federal Rule of Civil Procedure 26(d)(1) ordinarily requires parties to meet and confer before beginning discovery. But it contemplates that a district court may waive that requirement and permit expedited discovery. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y.); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). In a copyright case, courts look to whether a plaintiff has alleged a *prima facie* case of infringement, as well. *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-03873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012)..[1]

    Plaintiff has satisfied the requirements for leave to serve third-party subpoenas on an expedited basis. Plaintiff has a valid copyright in its product and plausibly alleges infringement thereof, establishing a *prima facie* case of infringement. Plaintiff has good cause to seek a subpoena because—without it—Plaintiff cannot identify Defendant, a prerequisite to prosecuting this case. Lastly, the scope of the proposed subpoena is reasonable. Plaintiff seeks to ascertain Defendant's name and address, only. This information comprises "a limited set of facts that are

---

[1] Plaintiff contends that the Court should apply the five *Sony Music* factors that the Second Circuit adopted in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). These factors, however, codify "an appropriate general standard for determining whether *a motion to quash*, to preserve the objecting party's anonymity, should be granted." *Arista Records*, 604 F.3d at 119 (emphasis added). Nevertheless, some district courts appear to consider them in deciding whether to grant a subpoena, as well. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 22-CV-04668 (MKV), 2023 WL 317612, at *1 (S.D.N.Y. Jan. 19, 2023). For the sake of completeness, the Court presumptively holds that all five factors support the issuing of a subpoena. First, Plaintiff made out a *prima facie* showing of infringement. Second, the discovery requests are specific and seek Defendant's name and address, only. Third, Plaintiff lacks an alternative means to determine the information sought. Fourth, Plaintiff needs Defendant's name and address to litigate this case. And fifth, Defendant has a low expectation of privacy in this information, especially given the non-sensitive subject matter of this case.

highly specific in nature." *Strike 3 Holdings, LLC v. Doe*, 22-CV-04668 (MKV), 2023 WL 317612, at *2 (S.D.N.Y. Jan. 19, 2023) (citing authority omitted). And this information is narrowly tailored to permit Plaintiff to serve Defendant without necessitating further information from third parties.

Accordingly, is hereby ORDERED that:

(1) Plaintiff may seek immediate discovery from the Providers described in this Order with a subpoena subscribing to the requirements of Federal Rule of Evidence 45(a)(1)(A) seeking Defendant's name and address, only. Plaintiff must include a copy of this Order with the subpoena.

(2) Plaintiff shall file proof of service including a copy of the subpoena within three (3) days of serving the subpoena and Order.

(3) Upon receipt, the Providers must immediately serve a copy of this Order on Defendant using any reasonable means, including written notice sent to Defendant's last known address, transmitted either by first-class mail or via overnight service.

(4) Defendant shall have thirty (30) days from the date of service to move this Court to quash or modify the subpoena. The Providers shall not turn over Defendant's identifying information to Plaintiff before the expiration of the 30-day period. If Defendant moves to quash the subpoena, Defendant must promptly notify the Providers of the motion, and the Providers may not turn over any information to Plaintiff until the Court has resolved the motion and issued an Order instructing the Providers to turn over the requested discovery.

(5) If thirty (30) days have elapsed since service to Defendant of this Court's order and Defendant has not moved to quash or modify the subpoena, the Providers must provide the requested discovery to Plaintiff within ten (10) days.

(6) The Providers shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the Providers elect to charge for the costs of production, they shall provide a billing summary and cost report to Plaintiff.

(7) Any information ultimately disclosed to Plaintiff in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

(8) Plaintiff must provide a status update to the Court every sixty (60) days from the date of this Order, unless Defendant moves to quash or amend the subpoena. Failure to submit these updates in a timely manner may result in dismissal of this action for failure to prosecute.

The Clerk of Court is respectfully directed to terminate Dkt. No. 5. All dates and deadlines, including those specified in the Court's September 5, 2025 Order (Dkt. No. 3) such as the November 18, 2025 conference, are adjourned *sine die*.

Dated: October 21, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge