UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMILES AND JOYS LLC,

                              Plaintiff,

            -against-

YELLOW-CREAM.COM AT IP ADDRESS
23.227.38.65,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/8/2026__

25-cv-07911 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On October 16, 2025, Plaintiff Smiles and Joys LLC ("Plaintiff") moved under Federal Rule of Civil Procedure 26(d)(1) for leave to file third-party subpoenas on three third-party service providers for websites affiliated with Defendant Yellow-Cream.com at IP address 23.227.38.65: GoDaddy Inc., Hetzner Online GmbH, and Fastly, Inc. (collectively the "Providers"). *See* Dkt. No. 5. Plaintiff contended these service providers could help Plaintiff identify Defendant based on an IP address for a website that had been selling a product allegedly infringing Plaintiff's copyright. *Id.* The Court granted the motion on October 21, 2025. Dkt. No. 9.

On December 15, 2025, Plaintiff moved for leave to issue a third-party subpoena to a new provider called "Shopify, Inc." after Fastly, Inc. (one of the Providers) indicated in response to the subpoena that it does not control the domain and IP addresses at issue. Dkt. No. 11. "Exhibit A" to the December 15, 2025 motion purports to evidence Shopify, Inc.'s "control" of the domain and IP address relevant to this case. Exhibit A merely shows the results of a search that Plaintiff's counsel seemingly conducted on a website called www.whois.com. On December 16, 2025, a member of the Court's staff contacted Plaintiff's counsel by email, stating that the Court would rule on the motion after receiving Plaintiff's status update due on December 22, 2025, and indicating that the "status update should clarify what communications Plaintiff has had with the three service providers from whom the Court's October 21, 2025 Order authorized discovery."

Plaintiff filed a belated status report on December 29, 2025. Dkt. No. 12. It states that Plaintiff received a reply from Fastly, Inc., only. Fastly, Inc. apparently informed Plaintiff that the "domains at issue are not owned by customers of Fastly" and that "Fastly's resources suggest that customers of Shopify may own the domains at issue." *Id.*

When considering whether to grant a motion for expedited discovery, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y.); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). Considering that standard, the Court DENIES WITHOUT PREJUDICE Plaintiff's new motion for leave to issue a third-party subpoena to "Shopify, Inc." (Dkt. No. 11). The Court's October 21, 2025 Order authorized Plaintiff to issue third-party subpoenas to three separate

providers.  One provider indicated it does not have responsive information.  But Plaintiff has seemingly made no effort at following up with the other two providers, who have not yet responded to Plaintiff's third-party subpoenas.  Moreover, it does not appear that Plaintiff has even confirmed the other two providers in fact received the third-party subpoenas.  The Court will not permit Plaintiff to "widen the net" of its search, which is already an exception to the normal civil discovery rules, unless and until it can show that it has diligently pursued discovery through the means and on the entities already authorized by the Court's October 21, 2025 Order..[1]

This Order is without prejudice to Plaintiff seeking leave to file a third-party subpoena on Shopify, Inc., once it has taken appropriate steps to determine that neither GoDaddy Inc. nor Hetzner Online GmbH can identify Defendant based on the IP address.

As a reminder, Plaintiff's next status update is due on **February 18, 2026**.

The Clerk of Court is respectfully directed to terminate Dkt. No. 11.

Dated: January 8, 2026
        New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] It is unclear on what basis Plaintiff believes that Shopify Inc. will be able to identify Defendant based on the IP address.  The December 15 letter indicates that Fastly, Inc. "suggested Shopify, Inc." Dkt. No. 11.  But Exhibit A indicates that counsel identified Shopify, Inc. based on a search conducted via "WhoIs.Com," a public-facing website.  The December 29 status report, meanwhile, suggests "Fastly's resources suggest that customers of Shopify may own the domains at issue." Dkt. No. 12.  The Court assumes that someone at Fastly, Inc. suggests Shopify, Inc., and Plaintiff independently corroborated that suggestion using WhoIs.Com, but the Court should not have to guess at the basis for granting an unusual remedy like expedited (and *ex parte*) third-party discovery.

2